UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PRINCESS McCULLOUGH and )
HENRY McCULLOUGH, )
 )
    Plaintiffs )
 )
    v. )    CAUSE NO. 3:04-CV-274 RM
 )
SCOTT HALL, *et al.*, )
 )
    Defendants )

OPINION AND ORDER

Princess and Henry McCullough, *pro se*, voluntarily dismissed this case under FED. R. CIV. P. 41(a) on October 20, 2004. They now move for leave to reopen this case, and accompany their motion with a writ of error appealing the magistrate judge's June 2004 order denying their motion to remand. The McCulloughs ask the court to reopen the case, review and reverse the magistrate judge's order, and to remand this case back to the St. Joseph Superior Court for further proceedings.

The magistrate judge denied the McCulloughs' timely motion to remand because he concluded their motion gave no basis for remand, and because their complaint stated multiple claims based on federal constitutional and statutory provisions which made the case removable under 28 U.S.C. § 1441(b). After reviewing the McCulloughs' motion the court agrees with the magistrate judge's

1

analysis and decision to deny the motion to remand. Their motion didn't state any valid legal reason for the remand and the magistrate properly denied it.

The McCulloughs now challenge the magistrate's decision — 12 months later — on several grounds, including a challenge to the magistrate's authority to rule on a motion to remand under 28 U.S.C. § 636(b)(1)(A). Whether the magistrate was authorized to issue his order is a question on which courts have disagreed,[1] but one that the court needn't resolve today. Even if the magistrate judge lacked the authority to rule on the McCulloughs' remand motion, this court would simply have treated the magistrate's order as a Report and Recommendation. *See* Vogel v. U.S. Office Products Co., 258 F.3d 509, 517 (6th Cir. 2001) ("The opinion accompanying the magistrate judge's April 1999 [remand] order should be treated as 'proposed findings and recommendations'"). Because the McCulloughs' motion stated no valid basis for remanding the case, the court would have adopted the magistrate's order in full.

The court must "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." FED. R. CIV. P. 61. Even if the magistrate erred by ruling on the remand motion (and the court doesn't answer that question today), such error was harmless because this court would also have

---

[1] *See* Meier v. Premier Wine & Spirits, Inc., __ F. Supp. 2d __ (E.D.N.Y. 2005), 2005 WL 1253959 at * 1 (May 27, 2005) (collecting cases showing majority of district courts to address issue have concluded that magistrate judges have the authority to rule on motions to remand, but that the three federal courts of appeals (the 3d, 6th, and 10th Circuits) to address the issue have reached the opposite conclusion).

denied the motion to remand. Because the error, if any, was harmless, Rule 61 prohibits the court from disturbing the magistrate's order.

The McCulloughs also raise other objections to the case's removal. They raised none of these arguments in their initial motion to remand, but the court will address one of them because it purports to challenge the court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (affording parties 30 days after a notice of removal is filed to lodge their objections in a motion to remand, but allowing objections to subject matter jurisdiction to be raised at any time before final judgment).

They say the court lacks subject matter jurisdiction because 28 U.S.C. § 1445(d) forbids removal of state court actions arising under § 40302 of the Violence Against Women Act of 1994.[2] The argument can't succeed because the McCulloughs' complaint can't be construed to state a claim under the VAWA; it simply contains no suggestion of any crime of violence against Mrs. McCullough, let alone one motivated by hostility to her gender. In any event, 28 U.S.C. § 1445(d) is now moot; there can be no civil action arising under section 40302 of the Violence Against Women Act of 1994 because that section was held unconstitutional in United States v. Morrison, 529 U.S. 598, 627 (2000).

The McCulloughs also raise two other discernable arguments. They ask the court to exercise its discretion and remand the case because, they say, state law

---

[2] Codified at 42 U.S.C. § 13981 and held unconstitutional as being beyond Congress' power to enact legislation under § 5 of the Fourteenth Amendment and the Commerce Clause in United States v. Morrison, 529 U.S. 598, 627 (2000).

issues predominate over the federal ones. They also contend the removal was improper because not all of the defendants joined in the notice of removal. Neither of these arguments undermines the court's subject matter jurisdiction, and the McCulloughs have waived both of them by not raising them within 30 days after the notice of removal was filed. *See* 28 U.S.C. § 1447(c).

For all the reasons stated above, the McCulloughs' motion for leave to reopen this case for purposes of reviewing the magistrate's denial of their motion to remand [docket no. 51] is DENIED.

SO ORDERED.

ENTERED:  June 14, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
U.S. District Court

cc:     P. McCullough, H. McCullough